**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 15-87 |
| | ) | Judge Nora Barry Fischer |
| GEMERE BEY, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM ORDER**

Presently before the Court is the "Second Motion of Gemere Bey for Reconsideration of the Order of Detention And (sic)," filed on August 11, 2016 (Docket No. [1558]), which challenges this Court's November 13, 2015 Memorandum Order denying his request for pretrial release on bond after conducting a *de novo* review of the evidence presented before Chief United States Magistrate Judge Maureen P. Kelly at a detention hearing previously held in this matter. (Docket No. 813). The Government opposes Defendant's Motion. (Docket No. 1601). Defendant has separately filed a "Motion for Prompt Decision on Second Motion for Reconsideratoin (sic) of Order of Detention" on September 14, 2016, wherein he contends that he is entitled to a "prompt hearing" on his Second Motion for Reconsideration pursuant to 18 U.S.C. § 3145(b). (Docket No. 1628). Upon consideration of the parties' arguments, and for the following reasons, Defendant's Second Motion for Reconsideration [1558] is DENIED and his Motion for Prompt Decision [1628] is DENIED, as moot.

At the outset, the Second Motion for Reconsideration must be denied as untimely to the extent that it seeks reconsideration of the Court's prior ruling of November 13, 2015, in that it was filed nearly 9 months after the issuance of same, well beyond this Court's motions practice rule that

1

any such motions "shall be filed within seven (7) days." *United States v. Kubini*, 304 F.R.D. 208, 211 (W.D. Pa. 2015) (quoting *Practices and Procedures of Judge Nora Barry Fischer*, § II.M., *available at:* http://www.pawd.uscourts.gov/Documents/Judge/fischer_pp.pdf (effective Feb. 5, 2013) ("any motions for reconsideration shall be filed within seven (7) days")). This Court's Memorandum Order also constituted an appealable order but no appeal was taken from same, making that decision final. *See Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) ("("If a defendant does not pursue a timely direct appeal to the court of appeals," the challenged order "become[s] final [ ... ] on the date on which the time for filing such an appeal expired."). Accordingly, Defendant's motion is not properly characterized as a motion for reconsideration as the procedural prerequisites which must be satisfied before bringing such a motion have not been established.

Defendant's motion is also mischaracterized insofar as he seeks a *de novo* review of the prior detention order by the United States Magistrate Judge or to otherwise challenge this Court's Memorandum Order affirming that decision and setting forth additional bases supporting pretrial detention in this case pursuant to 18 U.S.C. § 3145(b). (*See* Docket No. 813). As many other courts have recognized, the only possible avenue for Defendant to seek release on bail in a case sitting in this procedural posture is to convince this Court to reopen the detention hearing pursuant to 18 U.S.C. § 3142(f). *See e.g., United States v. Costanzo*, 2009 WL 2058725 (W.D. Pa. Jul. 15, 2009) (McVerry, J); *United States v. Warren*, 2010 WL 1904772 (W.D. Pa. May 11, 2010) (Conti, J.). Section 3142(f) provides, in pertinent part, that:

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of

> the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 314(f)(2). Here, Defendant has not pointed to any *material* evidence that was not known at the time of the detention hearing or the subsequent motions practice before this Court. (Docket No. 1558). Instead, he merely reargues – for a third time – the weight of the evidence that was presented before Magistrate Judge Kelly and proffered to this Court through the prior motions practice. (*Id.*). His continuing disagreement with the Court's assessment of the case and the application of the facts to the law is not an appropriate basis for reconsideration and likewise does not suffice to meet the evidentiary threshold to warrant reopening the detention hearing under section 3142(f). *See United States v. Ewell*, Crim. No. 13-125, Docket No. 216 (W.D. Pa. Sept. 12, 2013) (citing *United States v. Perminter*, Cr. No. 10-204, 2012 WL 642530 (W.D. Pa. Feb. 28, 2012) ("a mere disagreement with the Court concerning the application of the facts to the law is insufficient to warrant reconsideration."); *Costanzo*, 2009 WL 2058725 (arguments that were made previously and rejected do not constitute "material evidence that was not known"). The new evidence that he has proffered, i.e., his breaking up a fight at the NEOCC, has no bearing on the detention decision that was previously rendered. Further, as the Court previously held, Defendant is charged with very serious narcotics trafficking and firearms offenses carrying mandatory minimum penalties totaling <u>204 months' (or 17 years') incarceration</u> and the Government has sufficiently demonstrated that his release on bond, with any conditions, would pose a danger to the community and that he is also a potential flight risk. (Docket No. 813).

The Court next rejects Defendant's suggestion that his due process rights have been violated

as a result of his pretrial detention throughout the duration of this case which is now approximately 15 months. As the Court has already noted, he was provided with a full detention hearing at the outset of the case before Chief United States Magistrate Judge Kelly and this Court conducted a *de novo* review of same thereafter. To the extent that he disagreed with this Court's ruling, he had the ability to appeal it to the United States Court of Appeals for the Third Circuit but apparently chose not to do so. While Defendant has filed a series of pretrial motions in this matter, he has also sought repeated extensions of time to file additional pretrial motions, which are now due by <u>September 22, 2016</u>. Hence, all of the delays to this point in the case have been at his specific request, through experienced counsel, such that the present circumstances do not demonstrate any violation of his due process rights. *See United States v. Lloyd*, 2015 WL 6823754, at *n.1 (W.D. Pa. Nov. 6, 2015) (citing *United States v. Accetturo*, 783 F.2d 382, 388 (3d Cir. 1986) ("defendant's due process rights were not violated by the length of [defendant's] detention because, among other things, he requested a continuance or otherwise caused the delay of trial in this matter for eighteen of the twenty months of his incarceration.")).

Defendant also argues that codefendant Shawn Atkins was sentenced to 18 months after pleading guilty to a lesser included offense at Count One in an effort to convince the Court that he should be released on bond. But, this Defendant is not similarly situated to Atkins, who was not charged with the firearms offense carrying an 84 month (or 7 year) mandatory minimum penalty and also reached an agreement with the Government that he was responsible for less than the 1 kilogram of heroin charged in Count One, permitting this Court to sentence him to a term of incarceration below the 120 month (or 10 year) mandatory minimum at that Count. *See e.g., United States v. Oliver*, Crim. No. 16-40, 2016 WL 1746853, at *10-11 (W.D. Pa. May 3, 2016) ("the status of the

coconspirators as released on bond and/or in pretrial custody does not bear directly on whether this Defendant should be released from custody as the same is not a specific factor under section 3142(g) which must be considered when making an individualized assessment of his eligibility for bail."). In any event, Atkins was also denied bail and this Court affirmed the detention order in his case. *See United States v. Atkins*, Crim. No. 15-87, 2015 WL 4920831, at *3 (W.D. Pa. Aug. 15, 2015). Thus, his case has no bearing on whether the Court should reopen the detention hearing in this matter.

For all of these reasons, Defendant's Second Motion for Reconsideration [1558] is DENIED and his Motion for Prompt Determination [1628] is DENIED, as moot.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: September 21, 2016

cc/ecf: All Counsel of Record
Gemere Bey c/o Michael Healey, Esq.
Pretrial Services/Probation Office
U.S. Marshal